UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CONSOLIDATED SALMONID CASES** | 1:09-CV-01053 OWW DLB<br><br>**ORDER RE PLAINTIFFS' OBJECTION TO MULCAHY DECLARATION (Doc. 298)** |

Plaintiffs object to the Declaration of Gary Hayward Slaughter Mulcahy.  Mr. Mulcahy is the Governmental Liaison of the Winnemem Wintu Tribe, one of the Defendant Intervenors in these Consolidated Salmonid Cases.  His declaration was submitted in support of Defendant Intervenors' opposition to Plaintiffs' motions for temporary restraining order and preliminary injunction.  Doc. 278-4.  Defendant Intervenors responded to the objections.  Doc. 301.

Plaintiffs object generally to his entire declaration because it "contains, and is premised upon improper lay opinion, hearsay, irrelevant information, and lacks foundation."  However, Plaintiffs do not demonstrate that the entire declaration suffers from these evidentiary failings.  Rather, they specifically object only to two sections.

Paragraph 6, at page 4, lines 2-6 states:

1

1
2
3
4
5

> A great part of the social and cultural way of life was taken away when Shasta Dam and other components of the water projects, including the Delta pumps, were built, and future export pumping from the Delta without salmon protections would further devastate what remains of the Winnemem Wintu and could destroy any chance of ever reconnecting with our spiritual and cultural heritage.

6
7
8
9
10
11
12
13
14

Plaintiffs object that this statement "lacks foundation" and consists of "improper lay opinion," because Mr. Mulcahy "has not established that he has the necessary qualifications to provide an opinion regarding the effects of the construction of Shasta Dam ... 'Delta pumps,' [any] other 'components of the water projects,' ... or 'future export pumping,' on salmon or any other species." Doc. 298 at 1 (internal quotations omitted).

15

Paragraph 7, at page 4, lines 7-18 states:

16
17
18
19
20
21
22
23
24
25
26
27
28

> I and the Winnemem Wintu were overjoyed when the decision by this Court to strike down the 2004 Biological Opinion paved the way for a new Biological Opinion, issued by the National Marine Fisheries Service ("NMFS") in 2009, that in our view offers far more protection for the last of our homeland's salmon. My personal interests and those of the Winnemem Wintu are now inextricably tied to the 2009 Biological Opinion and the crucial protective measures it offers, including Reasonable and Prudent Alternative Actions IV.2.1 and IV.2.3. It may be the last hope for the salmon that have sustained and defined the Tribe throughout history. Enjoining measures in the 2009 Biological Opinion that NMFS believes are needed to keep salmon alive would harm our centuries old cultural, spiritual, and tribal interests in Sacramento River salmon. We fear that the region's dwindling salmon populations, which fight against all odds to survive in these inland waters so altered by project operations, cannot withstand the loss of large numbers of young fish during their critical migration through the Delta to the ocean.

Plaintiffs again object that this statement lacks foundation and consists of improper lay opinion because "Mr. Mulcahy has not established that he has the necessary qualifications to provide an opinion regarding the propriety or efficacy of the 2009 Biological Opinion ... or any of its components, including [RPAs] IV.2.1 and IV.2.3, or to compare the 2009 Biological Opinion with any other biological opinion, or to opine about the effects of enjoining the 2009 Biological Opinion or any of its components, including Reasonable and Prudent Alternative Actions IV.2.1 and IV.2.3, or to opine about the effects of project operations, which are not at all inland waters."  Doc. 298 at 2 (internal quotations omitted).

Any objection that these statements consist of "improper lay opinion" for which foundation is lacking is unfounded.  Mr. Mulcahy is not offering lay opinion testimony.  He is simply stating his personal understanding of the history and culture of the Tribe to which he belongs.  Although he does indicate that his personal interests, and those of the entire Tribe, in the enforcement of the protective measures set forth in the 2009 Salmon BiOp, he is not offering scientific or expert opinions as to the validity of the BiOp.  Mr. Mulcahy's

declaration is admissible for what it facially claims to be:  a representation of the Tribe's concern for the continued existence of the listed salmonid species, which are undeniably important to the Tribe's cultural history, lifestyle, and spiritual and tribal interests.

## CONCLUSION

The objections are overruled.

SO ORDERED
Dated: May 18, 2010

/s/ Oliver W. Wanger
Oliver W. Wanger
United States District Judge