UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELTA SMELT CONSOLIDATED CASES | 1:09-CV-1053 OWW DLB |
| SAN LUIS & DELTA-MENDOTA WATER AUTHORITY, *et al.* v. SALAZAR, *et al.* | MEMORANDUM DECISION AND ORDER RE DOCUMENTS SUBMITTED FOR IN CAMERA REVIEW. |
| STATE WATER CONTRACTORS v. SALAZAR, *et al.* | |
| COALITION FOR A SUSTAINABLE DELTA, *et al.* v. UNITED STATES FISH AND WILDLIFE SERVICE, *et al.* | |
| METROPOLITAN WATER DISTRICT v. UNITED STATES FISH AND WILDLIFE SERVICE, *et al.* | |
| STEWART & JASPER ORCHARDS *et al.* v. UNITED STATES FISH AND WILDLIFE SERVICE. | |

### I. INTRODUCTION

A June 21, 2010 Memorandum Decision and Order required Federal Defendants to lodge thirteen documents under seal (Documents 1-9 and 60-63) for the Court's in camera review, to determine whether Federal Defendants properly asserted the attorney-client privilege as to each document. Docket 401. The documents were lodged on June 28, 2010. Docket 408.

## II. LEGAL STANDARD

The Ninth Circuit recently articulated the relevant standard in *United States v. Ruehle*, 583 F.3d 600, 607-08 (9th Cir. 2009):

> "The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice, ... as well as an attorney's advice in response to such disclosures." [*United States v.*] *Bauer*, 132 F.3d [504,] 507 [9th Cir. 1997] (quoting *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996)) (emphasis omitted). "The fact that a person is a lawyer does not make all communications with that person privileged." *United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002) (citing *Chen*, 99 F.3d at 1501). "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *Id.* (quoting *Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981)); *accord United States v. Plache*, 913 F.2d 1375, 1379 (9th Cir. 1990). "[T]he privilege stands in derogation of the public's 'right to every man's evidence' and as 'an obstacle to the investigation of the truth,' [and] thus, ... '[i]t ought to be strictly confined within the narrowest possible limits consistent with the logic of its principle.'" *In re Horowitz*, 482 F.2d 72, 81 (2d Cir.1973) (citations omitted). Typically, an eight-part test determines whether information is covered by the attorney-client privilege:
>
>> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

2

> *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 n. 2 (9th Cir.1992) (quoting *United States v. Margolis (In re Fischel)*, 557 F.2d 209, 211 (9th Cir. 1977)).  The party asserting the privilege bears the burden of proving each essential element. *United States v. Munoz*, 233 F.3d 1117, 1128 (9th Cir. 2000).

(Footnote omitted).

## III. ANALYSIS

### A. Documents 1-9.

These documents consist entirely of comments and edits to various portions of the 2009 NMFS Biological Opinion ("BiOp") made by NOAA counsel, Melanie Rowland. These comments were communicated to co-counsel and staff at NMFS.  They contain confidential legal advice from Ms. Rowland on issues raised by the BiOp.  There is no suggestion that the attorney-client privilege has been waived as to these documents, nor is there any way that non-privileged portions of the material could be disclosed without disclosure of privileged material.

It is of no moment that Federal Defendants conceded in the McInnis Declaration, Doc. 227-2 ¶7, that not all of these comment were incorporated into the final draft of the BiOp, as there is no requirement that the advice of counsel be accepted for such advice to be privileged.

These documents were properly withheld under the attorney-client privilege.

3

**B.    Documents 60-63.**

These documents consist of notes from meetings between NMFS staff (clients) and counsel at NOAA and emails following up on issues raised by counsel.  These documents discuss confidential legal advice from counsel on issues raised by the BiOp.  As with Documents 1-9, there is no suggestion that the attorney-client privilege has been waived as to these documents, nor would it be possible to segregate non-privileged portions of the material from privileged material.

These documents were properly withheld under the attorney-client privilege.

## IV. CONCLUSION

Documents 1-9 and 60-63 were properly withheld under the attorney-client privilege.  Plaintiffs' motion to supplement the administrative record with these documents is DENIED.


SO ORDERED

Dated:   June 30, 2010

                                    /s/ Oliver W. Wanger
                                  Oliver W. Wanger
                              United States District Judge

**4**