# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSOLIDATED SALMON CASES | LEAD CASE NO:  1:09-cv-1053 OWW-DLB |
| SAN LUIS & DELTA-MENDOTA WATER AUTHORITY, et al. v. LOCKE, et al. | Consolidated Cases:  1:09-cv-1090 OWW-DLB<br>1:09-cv-1378 OWW-DLB<br>1:09-cv-1520 OWW-SMS |
| STOCKTON EAST WATER DISTRICT v. NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION, et al. | 1:09-cv-1580 OWW-DLB<br>1:09-cv-1625 OWW-SMS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART STANISLAUS RIVER PLAINTIFFS' MOTION FOR ADMISSION OF EXPERT TESTIMONY** |
| STATE WATER CONTRACTORS v. LOCKE, et al., | |
| KERN COUNTY WATER AGENCY, et al. v. U.S. DEPARTMENT OF COMMERCE, et al. | Date:       July 19, 2010<br>Time:       2:30 p.m.<br>Courtroom: 3<br>Judge;      Hon. Oliver W. Wanger |
| OAKDALE IRRIGATION DISTRICT, et al. v. U.S. DEPARTMENT OF COMMERCE, et al. | |
| THE METROPOLITAN WATER DISTRICT OF SOUTHERN CALIFORNIA v. NATIONAL MARINE FISHERIES, et al. | |

On July 19, 2010, at 2:30p.m., the Court heard the Motion by Oakdale Irrigation District, South San Joaquin Irrigation District and Stockton East Water District ("Stanislaus River Plaintiffs") to Admit Expert Testimony. The Court has fully considered the briefs, evidence, and oral arguments submitted by the parties, and good cause appearing, hereby enters the following order:

IT IS HEREBY ORDERED that the Stanislaus River Plaintiffs' Motion for Admission of Expert Testimony is granted in part and denied in part as follows:

1. **Avry Dotan** – Stanislaus River Plaintiffs may submit expert testimony from Mr. Dotan in support of their motion for summary judgment.  Mr. Dotan's testimony shall be limited to (1) providing expert explanation of the technical and complex matters in the record related to temperature modeling for the Stanislaus River, and (2) laying the foundation for whether the temperature modeling performed by the Federal Defendants was the kind of temperature modeling that no reasonably prudent modeler would do under the totality of the circumstances.  The Court requests that Mr. Dotan's declaration be submitted as soon as Mr. Dotan is able to do so for further review by the Court.  The Court will reserve its ruling on the admissibility of Mr. Dotan's testimony until it has reviewed his declaration for admissibility on relevance grounds or for failure to meet one of the established exceptions to record review.

2. **Daniel Steiner** – Stanislaus River Plaintiffs may submit expert testimony from Mr. Steiner in support of their motion for summary judgment concerning the assumptions in the CalSim II modeling actually conducted by Federal Defendants.  Mr. Steiner shall not offer any extra-record evidence dealing with the existence or importance of any errors in the code of the CalSim II model used by Federal Defendants as Stanislaus River Plaintiffs have not shown that such coding errors were brought to the attention of the Federal Defendants before the issuance of the BiOp in June 2009.   In addition, Mr. Steiner's testimony will not include any legal conclusions regarding water rights or asserted non-discretionary operations.  The Court will reserve its ruling on the admissibility of Mr. Steiner's testimony until it has reviewed his declaration for admissibility on relevance grounds or for failure to meet one of the established exceptions to record review.

3. **Lowell Ploss** – Stanislaus River Plaintiffs may not submit a supporting declaration from Mr. Ploss with their opening brief. If Federal Defendants or Defendant Intervenors raise arguments in opposition which trigger a need to use Mr. Ploss' testimony in reply, Stanislaus River Plaintiffs may apply to the Court for permission to use Mr. Ploss' testimony at that time so long as Mr. Ploss' testimony is the only source for the necessary information and there is no conflict with the Government in Ethics Act.

4. **Doug Demko** – Stanislaus River Plaintiffs may submit expert testimony from Mr. Demko in support of their motion for summary judgment concerning RPA Actions III.1.2 and III.1.3, provided Mr. Demko's testimony is limited to providing an explanation of technical or complex issues related to fish biology issues in the record or used to explain how the Federal Defendants allegedly ignored relevant data or reached conclusions that are unsupported by the data in the record. The Court will reserve its ruling on the admissibility of Mr. Demko's testimony until it has reviewed his declaration for admissibility on relevance grounds or for failure to meet one of the established exceptions to record review.

IT IS SO ORDERED.

Dated:   **August 13, 2010**                             **/s/ Oliver W. Wanger**
                                                                    UNITED STATES DISTRICT JUDGE