UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSOLIDATED SALMON CASES | Lead Case No. 1:09-CV-1053 OWW DLB |
| SAN LUIS & DELTA-MENDOTA WATER AUTHORITY, et al. v. GARY F. LOCKE, et al. (Case No. 1:09-cv-1053) | Consolidated Cases:<br>1:09-CV-1090 OWW-DLB<br>1:09-CV-1378 OWW-DLB<br>1:09-CV-1520 OWW-SMS<br>1:09-CV-1580 OWW-DLB<br>1:09-CV-1625 OWW-SMS |
| STOCKTON EAST WATER DISTRICT v. NOAA, et al. (Case No. 1:09-cv-1090) | |
| STATE WATER CONTRACTORS v. GARY F. LOCKE, et al. (Case No. 1:09-cv-1378) | **ORDER RE ADMISSION OF EXTRA-RECORD TESTIMONY OF RAY HILBORN, STEVEN P. CRAMER, AND JAMES SNOW** |
| KERN COUNTY WATER AGENCY, et al. v. U.S. DEPARTMENT OF COMMERCE, et al. (Case No. 1:09-cv-1520) | |
| OAKDALE IRRIGATION DISTRICT, et al. v. U.S. DEPARTMENT OF COMMERCE, et al. (Case No. 1:09-cv-2452) | |
| METROPOLITAN WATER DISTRICT OF SOUTHERN CALIFORNIA v. NMFS, et al. (Case No. 1:09-cv-1625) | |

**ORDER**

On July 19 and 20, 2010, the Court heard a motion by Plaintiffs San Luis & Delta-Mendota Water Authority and Westlands Water District ("San Luis Plaintiffs"), among others, to submit extra-record, expert witness testimony in support of Plaintiffs' motions for summary judgment. (Doc. 386.)

The Court has fully considered the briefs, evidence, and oral argument submitted by the San Luis Plaintiffs, and good cause appearing therefore, THE COURT HEREBY ORDERS:

1. **Dr. Ray Hilborn** – San Luis Plaintiffs may submit expert testimony from Dr. Hilborn in support of their motion for summary judgment. Dr. Hilborn's testimony shall be limited to providing expert explanation regarding (1) NMFS's failure to use and apply available quantitative life cycle models and tools, and (2) whether fishery scientists would agree that utilizing a quantitative analysis is the standard in the field, *i.e.*, that quantitative analysis constitutes the preferred scientific methodology, and that quantitative analysis is better science than the qualitative analysis used by NMFS, and (3) whether quantitative life cycle models were available to NMFS at the time the agency was preparing the BiOp.

2. **Steven P. Cramer** – San Luis Plaintiffs may submit expert testimony from Mr. Cramer in support of their motion for summary judgment. Mr. Cramer's testimony shall be limited to expert explanation regarding: (1) Viable Salmonid Population ("VSP") methodology as it impacts the effects analysis; (2) Explanation of the CalFed Science Review committee recommendation to use quantitative analysis and why that method constitutes the preferred scientific methodology in the field, and is better science than the methods used by NMFS; (3) Failure to quantitatively evaluate population level impacts such as whether the analytical work that was done by NMFS looked at overall effects on the relevant population; (4) Failure to follow generally accepted methodologies and ignoring the standard methodology in the field for assessing viability of winter-run Chinook, including NMFS's failure to identify the trend in population growth rate, whether there was a failure to appropriately evaluate stressors, and whether NMFS ignored the impact of ocean conditions. He may also submit testimony concerning NMFS's justification for use of 2007 and 2008 data sets trends and whether that explanation is plausible and supported by the available science; and (5) Expert testimony on critical habitat concerning whether NMFS ignored or did not use recognized criteria that are defined, accepted, and utilized and found in the regulations and/or handbook or elsewhere in explaining its selection and quantitative description of the critical habitat.

3. **James Snow** – San Luis Plaintiffs may submit expert testimony from Mr. Snow in support of their motion for summary judgment. Mr. Snow will be permitted to provide expert explanation regarding the effect and efficacy of modeling of the BiOp and RPA regarding

-2-

evaluation of the water supply impact.  Mr. Snow will also be permitted to provide expert explanation of whether, through choice of its model or the assumptions embedded within that model, NMFS ignored nondiscretionary water operations in its modeling.  In addition, Mr. Snow may offer a scientific/technical explanation of the effect and efficacy of what was done versus what should have been done had the modeling considered all relevant factors.

4. The Court reserves its ruling on the final admissibility of any testimony provided by these experts until it has reviewed the declarations for admissibility on relevance grounds or for failure to meet one of the established exceptions to record review.

5. San Luis Plaintiffs are to avoid unnecessary duplication and ensure coordination with other plaintiff experts.

IT IS SO ORDERED.

Dated:   **August 13, 2010**              **/s/ Oliver W. Wanger**
                                          UNITED STATES DISTRICT JUDGE