# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CONSOLIDATED SALMONID CASES ) ) ) ) ) ) ) ) ) | Case No.:  1:09-cv-1053-OWW-DLB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO STRIKE AND DENYING PLAINTIFF-INTERVENOR'S MOTION TO STRIKE** |

Defendant-Intervenors' and Federal Defendants' Motions to Strike Plaintiffs' Extra-Record Declarations and Exhibits (Docs. 473-1, 476, 483, 509-1, 511, 510-1, 512), as well as Plaintiff-Intervenor DWR's Motion to Strike (Doc. 502), were heard and considered by the Court at the hearing on cross-motions for summary judgment in this matter held on December 16 and 17, 2010.  All parties were represented by counsel, as stated on the record.

NOW THEREFORE, for the reasons articulated by the Court on the record at the hearing, THE COURT HEREBY ORDERS:

1. The Court reserves its ruling on the final admissibility of the testimony provided by Dr. Ray Hilborn in his first declaration (Doc. 443).

2. The Court GRANTS Defendants' motion to strike the second declaration of Dr. Ray Hilborn (Doc. 493), except that the Court will consider testimony in paragraphs 6, 7, 8, 11, 12, 14, 17, 30.

3. The Court reserves its ruling as to the admissibility of paragraphs 3-12 of the first declaration of Dr. Charles Hanson (Doc. 432) and GRANTS Defendants' motion to strike paragraphs 13-16 in the first declaration of Dr. Charles Hanson.

4. To the extent that the testimony is responsive to admissible testimony from Mr. Jeff Stuart, the Court DENIES Defendants' motion to strike the second declaration of Dr. Charles Hanson (Doc. 496).

5. The Court GRANTS Defendants' motion to strike paragraphs 16-32, and 38-40, of the first declaration of Dr. Richard B. Deriso (Doc. 440). The Court DENIES Defendants' motion to strike paragraphs 33-37, except to the extent that the testimony is cumulative with Dr. Hilborn's testimony regarding life-cycle modeling. The Court DENIES Defendants' motion to strike paragraphs 13-15. The Court GRANTS Defendants' motions to strike paragraphs 11-12 because such testimony is relevant to paragraphs that were stricken above. The Court reserves its ruling on the admissibility of paragraphs 41-50.

6. The Court reserves its ruling as to the admissibility of the second declaration of Dr. Richard B. Deriso (Doc. 505), and will exclude any testimony that is cumulative or redundant.

7. The Court GRANTS Defendants' motion to strike paragraphs 4-37, 45-47, and 48-52, of the first declaration of Mr. Steven P. Cramer (Doc. 448). The Court reserves its ruling as to the admissibility of paragraphs 38-44.

8. The Court GRANTS Defendants' motion to strike the second declaration of Mr. Steven P. Cramer (Doc. 491), except for paragraphs 20-26, as to which the Court reserves its ruling as to admissibility.

9. The Court DENIES Defendants' motion to strike the first declaration of Mr. Bradley Cavallo (Doc. 452), except that the Court reserves its ruling on paragraphs 45-51 concerning DSM-II HYDRO because Plaintiff-Intervenor DWR has not laid the foundation that the DSMII HYDRO model was one that the National Marine Fisheries Service "had access to" and was "existing and known science."

10. The Court DENIES Defendants' motion to strike the second declaration of Mr. Bradley Cavallo (Doc. 497) to the extent that it is responsive to the testimony of Mr. Jeff Stuart.

11. The Court DENIES Defendants' motion to strike paragraphs 2 – 9 of the first declaration of Mr. James Snow (Doc. 444). The Court GRANTS the motion with respect to paragraphs 16-17 of the same document, as it presents testimony on a legal argument, but clarifies that Plaintiffs' counsel may present the legal argument.

12. The Court DENIES Defendants' motion to strike the second declaration of Mr. James Snow (Doc. 494) to the extent that Mr. Snow is replying to the testimony of Mr. Milligan and Mr. Hilts, which responds to the portions of the first Snow declaration which are admissible.

13. The Court DENIES Defendants' motion to strike the first declaration of Dr. Kenneth Burnham (Doc. 439).

14. The Court DENIES Defendants' motion to strike the second declaration of Dr. Kenneth Burnham (Doc. 504), except to the extent the testimony is cumulative of his first declaration.

15. The Court GRANTS IN PART Defendants' motion to strike as to those portions of the first and second declarations of Dr. Kenneth Cummins (Docs. 445, 490) that opine that the Service should have conducted experiments to validate the choice of surrogates and DENIES IN PART Defendants' motion to strike as to the remaining portions of those declarations on the grounds that the testimony explains technical terms or complex subject matter.

16. The Court DENIES the Defendants' motion to strike the declaration of Mr. Daniel Steiner (Doc. 437).

17. The Court DENIES the Defendants' motion to strike the declaration of Mr. Avry Dotan (Doc. 442).

18. The Court GRANTS Defendants' motions to strike the first and second declarations of Dr. Daniel Schindler, except to the extent that they provide non-cumulative explanatory science. (Docs. 441 & 506).

19. The Court GRANTS Defendants' motion to strike the 2010 Ocean Harvest BiOp and any reference to the conclusions or facts in the biological opinion, but will take judicial notice of the existence of the 2010 Ocean Harvest BiOp and consider argument concerning

whether the 2010 Ocean Harvest BiOp was otherwise admissible for purposes of impeachment and/or bad faith.

20. The Court DENIES Plaintiff-Intervenor's motion to strike references in the Fourth Declaration of Jeffrey Stuart to the National Marine Fisheries Service (2009) Endangered Species Act – Section 7 Consultation Biological Opinion and Magnuson-Stevens Fishery Conservation and Management Act Consultation: Reinitiation of Formal Consultation for the South Delta Water Exports, the Appendix J of the 2005 SDIP Draft EIR/EIS, and page 19 line 24 through page 20, line 3 of the Fourth Declaration of Jeffrey Stuart.  The Court overrules the objection to references to 2010 Delta passage model, Miller (2002), Newman and Brandes (2010), Vogel (2002), and Wilbur (2000), because these documents may be considered for impeachment purposes.  The Court will consider Mr. Stuart's reference to the National Academy of Science (2010) report on the issue of whether a reasonable scientist would analyze the issues as NMFS did.

IT IS SO ORDERED.

Dated:   **January 19, 2011**                    **/s/ Oliver W. Wanger**
                                                  UNITED STATES DISTRICT JUDGE