**COUNSEL IDENTIFICATION ON FINAL PAGE**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSOLIDATED SALMON CASES | CASE NOS.<br><br>1:09-cv-1053-OWW-DLB<br>1:09-cv-1090-OWW-DLB<br>1:09-cv-1378-OWW-DLB<br>1:09-cv-1520-OWW-DLB<br>1:09-cv-2452-OWW-DLB<br>1:09-cv-1625-OWW-SMS<br><br>**STIPULATION AND ORDER RE: EXHIBITS, WITNESSES AND ORAL ARGUMENT FOR MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge: Honorable Oliver W. Wanger<br><br>Date: March 23-25, 2011 |
| SAN LUIS & DELTA-MENDOTA WATER AUTHORITY, et al. v. GARY F. LOCKE, et al. (Case No. 1:09-cv-1053) | |
| STOCKTON EAST WATER DISTRICT v. NOAA, et al. (Case No. 1:09-cv-1090) | |
| STATE WATER CONTRACTORS v. GARY F. LOCKE, et al. (Case No. 1:09-cv-1378) | |
| KERN COUNTY WATER AGENCY, et al. v. U.S. DEPARTMENT OF COMMERCE, et al. (Case No. 1:09-cv-1520) | |
| OAKDALE IRRIGATION DISTRICT, et al. v. U.S. DEPARTMENT OF COMMERCE, et al. (Case No. 1:09-cv-2452) | |
| METROPOLITAN WATER DISTRICT OF SOUTHERN CALIFORNIA v. NMFS, et al. (Case No. 1:09-cv-1625) | |

The parties, by and through their respective counsel of record, as identified below, have met and conferred and hereby propose the following schedule for the hearing on Plaintiffs' Motion for Injunctive Relief scheduled for March 23-25, 2011:

1. The parties shall serve and file their respective witness and exhibit lists by 5:00 p.m. **Wednesday, March 16, 2011**. The exhibit lists shall identify those exhibits to be used for each party's case-in-chief, including case-in-chief demonstrative exhibits, and need not include exhibits that may be used for cross-examination and/or rebuttal purposes, including demonstrative exhibits that may be used for cross-examination and/or rebuttal purposes. The exhibit lists shall identify the Administrative Record cite for each exhibit from the Administrative Record, or the

docket number if previously filed with the Court's ECF system. For exhibits not included within the Administrative Record or previously filed with the Court's ECF system, the parties shall serve on each other copies of the exhibits by email with their exhibit lists or on disks served by overnight delivery for receipt on **Thursday, March 17, 2011**, except that case-in-chief demonstrative exhibits shall be served for their receipt by 5:00 p.m. **Monday, March 21, 2011.** The parties agree to label their exhibits numerically using the following number ranges:

Plaintiffs: 0-400

Plaintiff-Intervenor Department of Water Resources: 401-500

Federal Defendants: 501-1000

Defendant-Intervenors: 1001-1500

2. The parties anticipate that they will offer and rely upon during the hearing updated testimony and information regarding project operations, flows, and the status and location of the species that includes or is based on data that was not available when the declarations and exhibits were filed and served. Nothing in this stipulation is intended to preclude admission of such evidence, provided the possibility of such evidence is noted in the parties' exhibit lists filed and served on March 16, 2011.

3. Given the proximity of the hearing dates to the April 1, 2011 automatic trigger of RPA Action IV.2.1, the Plaintiffs and Plaintiff-Intervenor intend to seek a motion for temporary restraining order on Action IV.2.1. The parties have agreed, subject to Court approval, to an abbreviated motion and briefing schedule for such motion, as follows: Plaintiffs and Plaintiff-Intervenor shall file a notice and request for the temporary restraining order by 5:00 p.m. on Wednesday, March 16, and shall rely on their briefing on the motion for preliminary injunction to support such motion and shall not file any additional evidence in support of the temporary restraining order; Defendants and Defendant-Intervenors shall rely on their briefing opposing the motion for preliminary injunction to oppose such motion, except to the extent that Defendant and Defendant-Intervenors intend to raise additional objections or defenses to such motion; any additional defenses or objections to the request for temporary restraining order shall be filed by 5:00 p.m. on Monday, March 21, 2011, shall not include additional evidence, and shall be limited

to one page. The parties agree, subject to Court approval, that the Court may rule on the requested temporary restraining order from the bench at the conclusion of the hearing on Friday, March 25, 2011. Any bench ruling granting the requested temporary restraining order will expire at the end of the 14 day period set forth in Fed. R. Civ.P. 65(b)(2), unless before that time the Court, for good cause, affirmatively extends the order for a like period. As required by Fed. R. Civ. P. 65(b)(2), the reasons for an extension must be entered in the record.

4. The parties have agreed to submit the Federal Defendants' Motion to Strike, in which Defendant-Intervenors have joined, on the papers unless the Court has questions for the parties. As that motion is not directed against witnesses who will be presenting live testimony per paragraph 5 below, the parties respectfully request that the Court reserve its ruling on the motion until it issues its decision on the motion for preliminary injunction. The time not used by the Court for any questions on the motion to strike shall be divided evenly between (a) Plaintiffs and Plaintiff-Intervenor on the one hand, and (b) Federal Defendants and Defendant-Intervenors on the other hand.

5. Based on a court day of 8:30 a.m. to 5:00 p.m. each day and the Court's routine practice of scheduling one 15 minute break each morning, one 90 minute break at lunch, and one 15 minute break each afternoon, the parties anticipate that there will be 19.5 court hours for evidence and argument. Therefore, each side will be allocated a total of 9.75 hours to be used by each side in its discretion among opening statements, arguments, and direct, cross and rebuttal examinations, subject to (1) the witness availability issues that are included in the order of witnesses below and (2) not exceeding the total hours per side per case. Any party may at its sole discretion cede all or a portion of its time to any other party.

6. The following is the order of opening statements, witnesses and closing arguments. This has been set based on the parties' best estimates of time for examinations. If the examination of any witness finishes early, the next witness in order will be called to testify, regardless of the date scheduled below, except that per witness availability, Mr. Steve Cramer shall testify on March 24.

**March 23, 2011**

- Opening Statements
- Terry Erlewine
- Jim Snow
- Bradley Cavallo

**March 24, 2011**

- Steve Cramer
- Jeffrey Stuart
- Steve Cramer Rebuttal

**March 25, 2011**

- Paul Fujitani
- Dr. Cameron Speir
- Dr. David Sunding
- Plaintiff and Plaintiff-Intervenor rebuttal witnesses
- Closing Arguments

7. The parties' rebuttal witnesses shall be limited to witnesses who provided declarations in support of the parties' briefs in support of, or in opposition to, the motions for preliminary injunction.

8. In addition to the foregoing live testimony, the parties further stipulate that the following witnesses may testify via their previously submitted declarations and that the parties will not raise a hearsay objection against the admissibility of such declarations on the grounds that the declaration is a statement that was made other than while testifying at the trial or hearing: Russ Freeman, Dr. Frank Gornick, Daniel G. Nelson, Robert Silva, Todd Allen, Joe Del Bosque, Chris Hurd, Andy Souza, Margaret Beckett, William F. "Zeke" Grader, Gary Hayward Slaughter Mulcahy, Peter Grenell, and Richard Pool. In so stipulating, the parties against whom the declarations have been offered do not stipulate that the facts stated within the declarations are undisputed or waive any other evidentiary objections.

9. As the evidence and written and oral arguments regarding the merits previously

have been presented to the Court as part of the parties' respective motions for summary judgment, heard by the Court on December 16 and 17, 2010, the parties further stipulate that they may rely upon, and are not required to re-present, that evidence and those arguments for their respective positions on the "likelihood of success" element of the pending motion for preliminary injunction and motion for temporary restraining order, and that such arguments and evidence shall be limited to the Court's consideration of the Plaintiffs' and Plaintiff-Intervenors' likelihood of success on the merits. However, Defendants and Defendant-Intervenors restate their objection to the Court's reliance on extra-record testimony and evidence for purposes of evaluating Plaintiffs' and Plaintiff-Intervenors' likelihood of success on the merits of their Administrative Procedure Act claims.

**SO STIPULATED**

Dated: March 16, 2011          DIEPENBROCK HARRISON
                               A Professional Corporation
                               KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
                               A Professional Corporation

                               By   /s/ *Eileen M. Diepenbrock*
                                    EILEEN M. DIEPENBROCK
                                    DANIEL J. O'HANLON
                                    Attorneys for Plaintiffs SAN LUIS & DELTA-
                                    MENDOTA WATER AUTHORITY and
                                    WESTLANDS WATER DISTRICT

Dated: March 16, 2011          BROWNSTEIN HYATT FARBER SCHRECK LLP

                               By   /s/ *Steven O. Sims*
                                    STEVEN O. SIMS
                                    MICHELLE C. KALES
                                    Attorneys for Plaintiffs WESTLANDS WATER
                                    DISTRICT

Dated: March_16, 2011          BEST BEST & KRIEGER, LLP

                               By   /s/ *Gregory K. Wilkinson*
                                    GREGORY K. WILKINSON
                                    STEVEN M. ANDERSON
                                    Attorneys for Plaintiff STATE WATER
                                    CONTRACTORS

Dated: March_16, 2011                    MORRISON & FOERSTER, LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

```
                                    By   /s/ Christopher J. Carr
                                         CHRISTOPHER J. CARR
                                         WILLIAM M. SLOAN
                                         Attorneys for Plaintiff METROPOLITAN WATER
                                         DISTRICT OF SOUTHERN CALIFORNIA
```

Dated: March_16, 2011          NOSSAMAN LLP

```
                                    By   /s/ Paul S. Weiland
                                         PAUL S. WEILAND
                                         AUDREY HUANG
                                         Attorneys for Plaintiffs KERN COUNTY WATER
                                         AGENCY and COALITION FOR A
                                         SUSTAINABLE DELTA
```

Dated: March_16, 2011          KAMALA D. HARRIS
                               Attorney General of the State of California

```
                                    By   /s/ Clifford T. Lee
                                         CLIFFORD T. LEE
                                         CECILIA L. DENNIS
                                         ALLISON GOLDSMITH
                                         Deputies Attorney General
                                         Attorneys for Plaintiff in Intervention
                                         CALIFORNIA DEPARTMENT OF WATER
                                         RESOURCES
```

Dated: March_16, 2011          IGNACIA S. MORENO, Assistant Attorney General
                               United States Department of Justice
                               Environment & Natural Resources Division
                               SETH M. BARSKY, Section Chief

```
                                    By   /s/ Bridget Kennedy McNeil
                                         BRIDGET KENNEDY McNEIL, Trial Attorney
                                         Wildlife and Marine Resources Section
                                         Attorneys for FEDERAL DEFENDANTS
```

Dated: March_16, 2011          NATURAL RESOURCES DEFENSE COUNCIL

```
                                    By   /s/ Katherine S. Poole
                                         KATHERINE S. POOLE
                                         DOUG OBEGI
                                         Attorneys for Defendant-Intervenor NATURAL
                                         RESOURCES DEFENSE COUNSEL
```

DIEPENBROCK
HARRISON
A PROFESSIONAL
CORPORATION

STIPULATION AND ORDER RE: EXHIBITS, WITNESSES AND ORAL ARGUMENT FOR MOTION FOR PRELIMINARY INJUNCTION

Dated: March_16 2011                     EARTHJUSTICE

By   /s/ *Erin M. Tobin*
    MICHAEL R. SHERWOOD
    ERIN M. TOBIN
    Attorneys for Defendant-Intervenors CALIFORNIA TROUT, FRIENDS OF THE RIVER, NATURAL RESOURCES DEFENSE COUNCIL, NORTHERN CALIFORNIA COUNCIL OF THE FEDERATION OF FLY FISHERS, PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS/INSTITUTE FOR FISHERIES RESOURCES, SACRAMENTO RIVER PRESERVATION TRUST, SAN FRANCISCO BAYKEEPER, THE BAY INSTITUTE, WINNEMEM WINTU TRIBE

IT IS SO ORDERED.

Dated: **March 16, 2011**           **/s/ Oliver W. Wanger**
                                                     UNITED STATES DISTRICT JUDGE