UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSOLIDATED SALMONID CASES | CASE NOS. |
| SAN LUIS & DELTA-MENDOTA WATER AUTHORITY, et al. v. GARY F. LOCKE, et al. (Case No. 1:09-cv-1053) | 1:09-cv-1053-OWW-DLB<br>1:09-cv-1090-OWW-DLB<br>1:09-cv-1378-OWW-DLB<br>1:09-cv-1520-OWW-DLB<br>1:09-cv-1580-OWW-DLB<br>1:09-cv-1625-OWW-SMS |
| STOCKTON EAST WATER DISTRICT v. NOAA, et al. (Case No. 1:09-cv-1090) | ORDER RE CROSS-MOTIONS FOR SUMMARY JUDGMENT |
| STATE WATER CONTRACTORS v. GARY F. LOCKE, et al. (Case No. 1:09-cv-1378) | |
| KERN COUNTY WATER AGENCY, et al. v. U.S. DEPARTMENT OF COMMERCE, et al. (Case No. 1:09-cv-1520) | |
| OAKDALE IRRIGATION DISTRICT, et al. v. U.S. DEPARTMENT OF COMMERCE, et al. (Case No. 1:09-cv-1580) | |
| METROPOLITAN WATER DISTRICT OF SOUTHERN CALIFORNIA v. NMFS, et al. (Case No. 1:09-cv-1625) | |

The Court has read and considered the memoranda of points and authorities and all other documents and evidence in support of and in opposition to the motions and cross-motions for summary judgment brought by: (1) Plaintiffs San Luis & Delta Mendota Water Authority and Westlands Water District, Metropolitan Water District of Southern California, State Water Contractors, Kern County Water Agency, and Coalition for a Sustainable Delta (collectively, "Export Plaintiffs"); (2) Plaintiffs Stockton East Water District, Oakdale Irrigation District, and South San Joaquin Irrigation District (collectively, "Stanislaus River

Plaintiffs"); (3) Plaintiff-Intervenor California Department of Water Resources ("DWR"); (4) Defendants United States Department of Commerce, National Oceanic and Atmospheric Administration, United States National Marine Fisheries Service ("NMFS"), United States Department of the Interior, and United States Bureau of Reclamation ("Reclamation") (collectively, "Federal Defendants"); and (5) Defendant-Intervenors California Trout, Friends Of The River, Natural Resources Defense Council, Northern California Council of the Federation of Fly Fishers, Pacific Coast Federation of Fishermen's Associations/Institute for Fisheries Resources, Sacramento River Preservation Trust, San Francisco Baykeeper, The Bay Institute, and the Winnemem Wintu Tribe (collectively, "Defendant-Intervenors").[1]

The Court has heard all the testimony and evidence, and the arguments of counsel at the hearing on these matters held on December 16 and 17, 2010.

The motions and cross-motions for summary judgment at issue relate to NMFS's June 4, 2009, biological opinion ("BiOp") regarding the effects of the proposed operations of the federal Central Valley Project ("CVP") and the State Water Project ("SWP"). On September 20, 2011, the Court filed its "Memorandum Decision Re Cross Motions for Summary Judgment (Docs. 430, 435, 446, 474, 477)" ("Memorandum Decision"; Doc. 633). The September 20, 2011 Memorandum Decision constitutes the statement of decision for the Court's ruling.

Good cause appearing, and for the reasons more fully explained in the Court's Memorandum Decision, IT IS ORDERED:

(1) Export Plaintiffs' motion for summary judgment that the BiOp violates the Endangered Species Act ("ESA") and the Administrative Procedures Act ("APA") is GRANTED IN PART AND DENIED IN PART; and Federal Defendants' and Defendant-Intervenors' cross-motions are GRANTED IN PART AND DENIED IN PART, as set forth in the Memorandum Decision.

(2) Plaintiff-Intervenor DWR's motion for summary judgment that the BiOp violates the ESA and APA is GRANTED IN PART AND DENIED IN PART; and Federal

---

[1] The Export Plaintiffs, Stanislaus River Plaintiffs, and DWR are collectively referred to as "Plaintiffs."

Defendants' and Defendant-Intervenors' cross-motions are GRANTED IN PART AND DENIED IN PART, as set forth in the Memorandum Decision.

(3) Stanislaus River Plaintiffs' motion for summary judgment that the BiOp violates the ESA and the APA is GRANTED IN PART AND DENIED IN PART; and Federal Defendants' and Defendant-Intervenors' cross-motions are GRANTED IN PART AND DENIED IN PART, as set forth in the Memorandum Decision.

(4) Plaintiffs' motions for summary judgment that Reclamation violated the ESA and/or the APA are DENIED; and Federal Defendant and Defendant-Intervenors' cross-motions are GRANTED.

(5) The BiOp and its Reasonable and Prudent Alternative ("RPA") are ARBITRARY, CAPRICIOUS, and UNLAWFUL, and are REMANDED WITHOUT VACATUR to NMFS for further consideration in accordance with the Memorandum Decision and the requirements of law. Such remand without vacatur is not intended to be issue or claim preclusive to the extent it could be cited as a ground to prevent the hearing or decision on any provisional remedy justified in law or equity.

(6) The Court retains jurisdiction over this matter to the fullest extent permitted by law.

(7) Within five (5) days of service of this Court's Memorandum Decision Federal Defendants shall provide a proposed date by which they shall file the new BiOp and any RPA.

SO ORDERED
Dated: September 29, 2011

                                          /s/ Oliver W. Wanger
                                      United States District Judge