1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE CONSOLIDATED SALMON CASES** | 1:09-cv-1053-LJO-DLB<br>1:09-cv-1090-LJO-DLB |
| **SAN LUIS & DELTA-MENDOTA WATER AUTHORITY, et al. v. GARY F. LOCKE, et al. (Case No. 1:09-cv-1053)** | 1:09-cv-1378-LJO-DLB<br>1:09-cv-1520-LJO-DLB<br>1:09-cv-2452-LJO-DLB<br>1:09-cv-1625-LJO-SMS |
| **STOCKTON EAST WATER DISTRICT v. NOAA, et al. (Case No. 1:09-cv-1090)** | **JOINT STIPULATION REGARDING CVP AND SWP OPERATIONS IN 2012** |
| **STATE WATER CONTRACTORS v. GARY F. LOCKE, et al. (Case No. 1:09-cv-1378)** | Judge: Honorable Lawrence J. O'Neill |
| **KERN COUNTY WATER AGENCY, et al. v. U.S. DEPARTMENT OF COMMERCE, et al. (Case No. 1:09-cv-1520)** | |
| **OAKDALE IRRIGATION DISTRICT, et al. v. U.S. DEPARTMENT OF COMMERCE, et al. (Case No. 1:09-cv-2452)** | |
| **METROPOLITAN WATER DISTRICT OF SOUTHERN CALIFORNIA v. NMFS, et al. (Case No. 1:09-cv-1625)** | |

1

**RECITALS**

1. On March 5, 2010, the Court entered its Memorandum Decision Re Cross-Motions for Summary Judgment On NEPA Issues (Doc. 266), and on March 17, 2010 entered its Order Granting In Part Motion for Summary Judgment On NEPA Issues (Doc. 288).  This decision found that the United States Bureau of Reclamation and the Secretary of the Interior have violated the National Environmental Policy Act by failing to perform any NEPA analysis prior to adopting and implementing the 2009 Salmonid Biological Opinion ("2009 Salmonid BiOp"). On September 20, 2011, the Court entered its Memorandum Decision re Cross Motions for Summary Judgment (Doc. 633) in these Consolidated Salmonid Cases regarding the 2009 Salmonid BiOp. This decision found the 2009 Salmonid BiOp and its reasonable and prudent alternative ("RPA") arbitrary, capricious, and unlawful.  On September 29, 2011, the Court entered its Order Re Cross-Motions for Summary Judgment (Doc. 643) and remanding without vacatur the 2009 Salmonid BiOp to the National Marine Fisheries Service ("NMFS") for further consideration in accordance with the Court's rulings and the requirements of law.  The September 29 Order provides that the remand without vacatur is without prejudice to "the hearing or decision of any provisional remedy justified in law or equity," and further that the Court "retains jurisdiction over this matter to the fullest extent permitted by law."

2. On December 7, 2011, the Court issued a minute order in the Salmonid Cases acknowledging the joint report filed by the parties to the litigation.  In addition, the Court indicated that parties may present stipulations on other matters, including project operations in 2012, to the Court and if agreement on such matters cannot be reached, the parties shall file a joint status report no later than January 6, 2012, briefly summarizing the nature of any remaining disputes and articulating the anticipated need for, and timing of, further motions practice.  On December 12, 2011, the Court issued a Final Judgment (Including Schedule for Remand) (Doc. 655) in the case in accordance with the Memoranda and Orders described above that included a schedule for reconsidering the remanded biological opinion and compliance with NEPA.

3. Consistent with the Court's minute order, the parties have been engaged in discussions to reach agreement on the manner in which the RPA will be modified and applied

during Water Year 2012. The parties executing this agreement have reached an agreement on certain actions and agree to modifications to the RPA Action IV.2.1 as described below for April 1 through May 31, 2012 operations only. The parties intend to continue discussions regarding other Water Year 2012 operations over the coming weeks, and intend to bring additional settlement stipulation(s) on 2012 operations before the Court if agreement can be reached prior to the onset of those operational actions. In addition to 2012 operations, the parties executing this agreement have agreed upon specific monitoring, studies and other actions described below.

**STIPULATION**

In the context of the foregoing recitals, Plaintiffs San Luis & Delta-Mendota Water Authority, Westlands Water District, State Water Contractors, Metropolitan Water District of Southern California, Coalition for a Sustainable Delta, and Kern County Water Agency ("Plaintiffs"), Oakdale Irrigation District, South San Joaquin Irrigation District, and Stockton East Water District ("Stanislaus River Plaintiffs"), Plaintiff-Intervenor California Department of Water Resources ("DWR"), and Federal Defendants by and through their respective counsel, hereby stipulate and agree as follows:

    1.    All parties agree to the following operations of the Central Valley Project ("CVP") and State Water Project ("SWP"), and related actions herein, for April 1, 2012 through May 31, 2012. This agreement was reached based on consideration of specific hydrologic, storage and fish conditions. This agreement is not intended to be used as a basis for a new biological assessment or biological opinion. The agreement in Section 2 below regarding 2012 operations is limited to operation of RPA Action IV.2.1, and applies only if the barrier at the Head of Old River is installed.

    2.    The CVP and SWP projects shall implement the following actions in 2012:

    a.    Operation at the Head of Old River from April 1 through May 31 if a rock barrier is installed.

        i.    DWR will install a rock barrier at the Head of Old River, if flows at Vernalis allow for its installation and maintenance from April 1 through May 31 [approximately less than 6,000 cubic feet per second ("cfs")]. Up to eight culverts (of approximately the same

3

size and configuration as used in previous barrier designs) may be installed in the rock barrier.

    ii. When the rock barrier is installed, the SWP and CVP shall be operated to maintain Old and Middle River ("OMR") flows between -1,250 and -3,500 cfs in April, and between -1,250 and -5,000 cfs in May, depending on the real-time operations process described below in subsections iii-vi.  Nothing in this section is intended to, or does, prevent the projects from operating more conservatively for delta smelt protection.  While the rock barrier is in place and the SWP and CVP are operating to the OMR flows as provided herein, the SWP and CVP will not operate to the San Joaquin River Inflow to Export ratio described under RPA Action IV.2.1.

    iii. The exception procedure for health and safety in RPA Action IV.2.1 for minimum combined SWP and CVP pumping of 1,500 cfs will be maintained.

    iv. NMFS, DWR, and the U.S. Bureau of Reclamation ("Reclamation") will co-host a technical workshop in early February, with Delta Operations for Salmonids and Sturgeon group ("DOSS") members and other outside experts, to review data availability, modeling tools and outputs and other scientific approaches for establishing real-time operations screening criteria for OMR parameter selection within the specified ranges.

    v. At least two weeks prior to April 1, 2012, NMFS, with information submitted by members of the DOSS and other outside experts, will prepare a real-time operations technical memorandum to guide weekly or daily decision-making.  Real-time operations screening criteria will be developed based on hydrodynamics and Particle Tracking Model ("PTM") runs, and other relevant available scientific information and considerations, such as: (a) the fraction of particles that reach Chipps Island; (b) particle residence time; (c) results showing particle capture at various diversions in the delta, and (d) relevant available information from trawls and rotary screw trap information, salvage, hydrodynamics, empirical data from previous VAMP studies, survival equations, and a modified Delta Passage Model.  The DOSS will advise the Water Operations Management Team ("WOMT") and NMFS on the appropriate OMR parameter within the specified ranges.  The DOSS will consider all relevant available scientific information, such as listed above, in determining its advice.  The DOSS will provide its

4

information and advice to the WOMT for its consideration in developing a recommendation to NMFS for actions to protect salmonids and green sturgeon.  The WOMT will supply information for NMFS to consider, including water supply impacts.  NMFS shall make the final determination on OMR flow within the specified ranges to be implemented by Reclamation and DWR, after attempting to first meet with WOMT, and shall explain its determination in writing based on the best available science.  NMFS will increase the transparency of the decision process by documenting the basis for its decisions and providing a written explanation of them and the basis for them to interested parties via NMFS' website.  All parties to this agreement agree that the final determinations made by NMFS pursuant to this Section 2 are binding and in consideration of this agreement hereby waive all rights to seek relief from the court from these determinations and from operation of the projects by DWR and Reclamation in accordance with those determinations; however, this stipulation shall not waive any party's right to raise other claims or defenses as to other CVP and SWP operations or actions under the 2009 Salmonid BiOp.[1]

      vi.   In order to facilitate availability of real-time information to the agencies, DWR will convene a Delta Conditions Team ("DCT") consisting of scientists and engineers from the state and Federal agencies, Plaintiffs, and Defendant-Intervenors to review the real time operations and Delta conditions, including potential modeling utilizing the Delta Passage Model, PTM, and other applicable modeling tools, in conjunction with the real time monitoring, to assist in evaluating the potential effects of planned water operations on salmonids and sturgeon.  The members of the DCT will provide its individual information to DOSS in accordance with a process provided by the DOSS, which currently meets on Tuesday mornings, to assess risks to salmonids and sturgeon based upon Delta conditions and the other factors set forth above.

      vii.   In order to generate information on migration routes and survivals across variable operating conditions in order to inform decision-making for project operations, DWR and Reclamation agree to fund the development and deployment of a broadened acoustic tagging and release program in 2012, which will track juvenile salmon and juvenile steelhead migrations

---

[1] Furthermore, nothing in this agreement waives the right of any party to assert whatever privileges may otherwise be available to it by law.

through the south Delta for the purpose of generating better information by which to manage south Delta operations and other activities to improve fish survival efficiently and effectively. The person or organization selected by the parties to conduct such studies will collaborate with the NMFS-Southwest Fisheries Science Center ("NMFS-SWFSC") in designing and conducting these studies.  To the extent any information from such studies is available for use in 2012, the parties agree that the information will be used in the decision-making process in determining 2012 operations pursuant to this stipulation. Such an acoustic tag program may include:

  1. Weekly releases of hatchery-origin steelhead and salmon at key locations in the south Delta;

  2. Deployment of monitoring capabilities to detect juvenile migrations through the south Delta through various routes of migration;

  3. Deployment of monitoring capabilities to develop improved information on the effect of water operations of the SWP and the CVP on juvenile salmon and juvenile steelhead migrations through the Delta under varying hydraulic conditions; and

  4. Development of data gathering and reporting capabilities to support improved in-season real time water operations over the course of juvenile migrations.

 b. NMFS, the other Federal agencies, plaintiff-intervenor DWR, plaintiffs, and defendant-intervenors have engaged in discussions pertaining to south Delta operations if flows at Vernalis are greater than that which would allow a rock barrier to be installed at the Head of Old River.  This stipulated agreement for operation in lieu of RPA Action IV.2.1 in 2012 does not address CVP and SWP operations under that scenario but parties may continue to meet to develop possible operations under such high flow conditions where a rock barrier cannot be installed.

 3. DWR will submit to NMFS and the California Department of Fish and Game ("DFG") a predator monitoring study for their review and permit compliance procedures, as appropriate.  If a rock barrier is installed, the predator monitoring study will evaluate predation associated with the installation and operation of the rock barrier.  If the rock barrier is not installed, the predator monitoring study will evaluate predation at the scour hole downstream of the junction of the San Joaquin River and the Head of Old River.  In addition, predator

6

monitoring efforts will be implemented at location(s) to be determined, for example, at the CVP export facility in front of trash racks, at the scour hole mentioned above, or in other location(s) in the Delta.  In addition, DWR commits to developing a study for a pilot predator removal and control program that will be submitted to NMFS and DFG for review and comment.

    4.    NMFS will have an opportunity to be involved in design and development of studies and will work with DWR, DFG and Public Water Agencies[2] to further refine the following actions:

    a.    **Examination of other monitoring systems**.  DWR and Reclamation will commence in the first quarter of 2012 to examine the opportunities to deploy other monitoring and tracking tools for tracking juvenile and adult migrations of salmonids and other fish species within and through the Delta, utilizing PIT tags or other technologies as may be available.  In examining such opportunities, DWR and Reclamation agree to utilize the available expertise of the fishery agencies, the university community, the consulting community and other sources of expertise.

    b.    **Life-cycle modeling**:  The parties agree that the timely development of a Central Valley salmon life-cycle model is vital to inform Bay-Delta decision-making.  The model will be developed by and under the control of the NMFS-SWFSC, and, subject to the availability of funding, the NMFS-SWFSC shall utilize a broad array of expertise outside of NMFS as appropriate.  Such an expanded program may also be guided by a panel of experts convened by the Interagency Ecosystem Program or other appropriate expert agency.  DWR and Reclamation will consider providing funding to the NMFS-SWFSC to accelerate the development of the model.

---

[2] "Public Water Agencies" consist of state and federal water contractors who receive water from the SWP and CVP and are Metropolitan Water Agency of Southern California, Kern County Water Agency, San Luis & Delta-Mendota Water Authority, Westlands Water District, and Santa Clara Valley Water District, and State Water Project Contractors Authority ("SWPCA") and State and Federal Contractors Water Agency ("SFCWA").  The Stanislaus River Plaintiffs are also considered "Public Water Agencies" for the purpose of this stipulation and for the purposes of any engagement process related to ESA Section 7 consultation involving New Melones operations.

       c.    DWR and Reclamation will continue the Chinook salmon acoustic tag survival studies that have been implemented through the Vernalis Adaptive Management Program, in conjunction with the 6-year acoustic tagging experiment.

    5.    DWR, Reclamation and the Public Water Agencies agree to work with NMFS to design, develop, and fund a program to provide additional fish tagging and monitoring that could further inform Bay-Delta decision-making.

    6.    As authorized under the State Water Resources Control Board Decision 1641, Reclamation and DWR may divert or redivert water of the SWP and CVP between Jones Pumping Plant and Banks Pumping Plant in April and May to reduce fish losses and to benefit fish. The CVP will develop and implement standard operating procedures to minimize longfin and Delta smelt losses and salmonid losses, as specified in the 2009 BiOp, during the cleaning of the louvers.

    7.    This stipulated agreement for operations does not address or include RPA Action IV.2.3, which provides for OMR Flow Management from January through June 15. However, the parties commit in 2012 to continue discussions to develop a monitoring-based trigger, or other real-time operations approach, that would modify in 2013 the January 1 onset of Action IV.2.3.

    8.    By June 2012, DWR and Reclamation will submit to NMFS for review a list of possible habitat restoration projects targeted to improve survival of steelhead migrating out of the San Joaquin Basin. The parties expect that DWR and Reclamation will confer with DFG in compiling this list.

**SO STIPULATED**.

///
///
///
///
///
///
///

| | | |
|---|---|---|
| Dated:  January 12, 2012 | | NOSSAMAN LLP |
| | By: | *PAUL S. WEILAND* |
| | | _____ |
| | | PAUL S. WEILAND<br>AUDREY HUANG<br>Attorneys for Plaintiffs<br>KERN COUNTY WATER AGENCY and<br>COALITION FOR A SUSTAINABLE DELTA |
| Dated:  January 12, 2012 | | H. CRAIG MANSON<br>Westlands Water District<br>DIEPENBROCK HARRISON<br>A Professional Corporation<br>KRONICK, MOSKOVITZ, TIEDEMANN<br>& GIRARD<br>A Professional Corporation |
| | By: | *DANIEL J. O'HANLON* |
| | | _____ |
| | | DANIEL J. O'HANLON<br>EILEEN M. DIEPENBROCK<br>Attorneys for Plaintiffs SAN LUIS<br>& DELTA-MENDOTA WATER AUTHORITY<br>and WESTLANDS WATER DISTRICT |
| Dated:  January 12, 2012 | | BROWNSTEIN HYATT FARBER SCHRECK LLP |
| | By: | *STEVEN O. SIMS* |
| | | _____ |
| | | STEVEN O. SIMS<br>MICHELLE C. KALES<br>Attorneys for Plaintiffs<br>WESTLANDS WATER DISTRICT |
| Dated:  January 12, 2012 | | BEST BEST & KRIEGER, LLP |
| | By: | *GREGORY K. WILKINSON* |
| | | _____ |
| | | GREGORY K. WILKINSON<br>STEVEN M. ANDERSON<br>Attorneys for Plaintiff<br>STATE WATER CONTRACTORS |

| | | |
|---|---|---|
| Dated: January 12, 2012 | | MORRISON & FOERSTER, LLP |
| | By: | *CHRISTOPHER J. CARR* |
| | | _____ |
| | | CHRISTOPHER J. CARR |
| | | WILLIAM M. SLOAN |
| | | Attorneys for Plaintiff METROPOLITAN WATER DISTRICT OF SOUTHERN CALIFORNIA |
| Dated: January 12, 2012 | | HERUM CRABTREE |
| | By: | *JENNIFER L. SPALETTA* |
| | | _____ |
| | | JENNIFER L. SPALETTA |
| | | Attorneys for Plaintiff |
| | | STOCKTON EAST WATER DISTRICT |
| Dated: January 12, 2012 | | O'LAUGHLIN & PARIS LLP |
| | By: | *WILLIAM C. PARIS III* |
| | | _____ |
| | | WILLIAM C. PARIS III |
| | | Attorneys for Plaintiffs |
| | | OAKDALE IRRIGATION DISTRICT and SOUTH SAN JOAQUIN IRRIGATION DISTRICT |
| Dated: January 12, 2012 | | KAMALA D. HARRIS |
| | | Attorney General of the State of California |
| | By: | *CLIFFORD T. LEE* |
| | | _____ |
| | | CLIFFORD T. LEE |
| | | CECILIA L. DENNIS |
| | | ALLISON GOLDSMITH |
| | | Deputies Attorney General |
| | | Attorneys for Plaintiff Intervenor CALIFORNIA DEPARTMENT OF WATER RESOURCES |
| Dated: January 12, 2012 | | IGNANCIA S. MORENO, Assistant Attorney General |
| | | United States Department of Justice |
| | | Environment & Natural Resources Division |
| | | SETH M. BARSKY, Section Chief |
| | By: | *BRIDGET KENNEDY MCNEIL* |
| | | _____ |
| | | BRIDGET KENNEDY MCNEIL, Trial Attorney |
| | | Wildlife and Marine Resources Section |
| | | Attorneys for FEDERAL DEFENDANTS |

**ORDER**

Good cause appearing, and based on the stipulation of the parties, the court hereby orders as follows:

1. IT IS HEREBY ORDERED ADJUDGED, AND DECREED, that the Joint Stipulation Regarding CVP And SWP Operations in 2012 is approved.

2. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all actions in the Joint Stipulation Regarding CVP And SWP Operations in 2012 be carried out as described therein and that the parties to the stipulation have waived any right to seek relief from this court from such actions through May 31, 2012.

3. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, except as specified in the Joint Stipulation Regarding CVP and SWP Operations in 2012, all parties otherwise retain rights to seek further relief to the extent permitted by law.

IT IS SO ORDERED.

Dated: **January 17, 2012**          /s/ Lawrence J. O'Neill
                                     UNITED STATES DISTRICT JUDGE