**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **THE CONSOLIDATED DELTA SMELT CASES** | **Lead Case:**<br>**1:09-cv-00407-LJO-BAM**<br><br>**Member Cases:**<br>**1:09-cv-00480-LJO-GSA**<br>**1:09-cv-00422-LJO-GSA**<br>**1:09-cv-00631-LJO-DLB**<br>**1:09-cv-00892-LJO-DLB**<br><br>**Partially Consolidated With:**<br>**1:09-cv-01201-LJO-DLB**<br><br>**ORDER RE NINTH CIRCUIT DECISION** |
| **THE CONSOLIDATED SALMONID CASES** | **Lead Case:**<br>**1:09-CV-01053 LJO BAM**<br><br>**Member Cases**<br>**1:09-CV-01090 LJO DLB**<br>**1:09-CV-01378 LJO DLB**<br>**1:09-CV-01520 LJO SMS**<br>**1:09-CV-01580 LJO DLB**<br>**1:09-CV-01625 LJO SMS**<br><br>**ORDER RE NINTH CIRCUIT DECISION** |

The Court has carefully reviewed the Ninth Circuit's March 13, 2014 decision in the *Consolidated Delta Smelt Cases*, *San Luis & Delta-Mendota Water Auth. v. Jewell*, 11-15871, 2014 WL 975130, --- F.3d --- (9th Cir. Mar. 13, 2014), as well as the Parties' Joint Status Report, 1:09-cv-00407 ("*Smelt*"), Doc. 1119; 1:09-cv-01053 ("*Salmonid*"), Doc. 754. Should the Ninth Circuit issue mandate based upon the reasoning and conclusions of its March 13, 2014 ruling, there will be significant implications for the remand of the 2008 Delta Smelt Biological Opinion ("2008 BiOp"),

which implications may also impact the timing of the Bureau of Reclamation's related obligations under the National Environmental Policy Act ("NEPA"). Federal Defendants have requested that the Court stay any further remand of the 2008 BiOp to the United States Fish and Wildlife Service, including any deadlines set forth in this Court's March 5, 2014 Order Re Request to Extend Remand Schedule. Until a mandate issues, however, the Court will not act upon the Ninth Circuit's ruling. *Natural Res. Def. Council, Inc. v. Cnty. of Los Angeles*, 725 F.3d 1194, 1203 (9th Cir. 2013) ("No opinion of this circuit becomes final until the mandate issues[.]").[1]

The existing schedule, set forth in the March 5, 2014 Order, remains in place. The only requirement of that schedule that could plausibly come into play before the issuance of any mandate is the direction that Federal Defendants submit a no more than four-page status report every four months, updating the Court on the progress of the Collaborative Science and Adaptive Management Process ("CSAMP"). Federal Defendants acknowledge that they intend to continue participating in CSAMP notwithstanding the Ninth Circuit's ruling and do not suggest that they will be burdened by the production of these status reports, which implicate issues relevant to both the *Smelt* and *Salmonid* cases, the latter of which has not yet been the subject of an appellate ruling.

The Parties are instructed to submit a further joint status report within ten (10) days of the issuance of the mandate from the Ninth Circuit. Along with this joint status report, the Parties shall submit a joint proposed order addressing the status of the remand in the *Consolidated Delta Smelt Cases* as to both the Endangered Species Act ("ESA") and NEPA issues.

**SO ORDERED**
**Dated: March 25, 2014**

                                    **/s/ Lawrence J. O'Neill**
                                    **United States District Judge**

---

[1] Federal Rule of Appellate Procedure 41 provides that a mandate will not issue until "7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later."